UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATAMOUNT PROPERTIES 2018, LLC,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PAUL M. LUCORE,<br><br>　　　　　　　　　　　Defendant. | Case No.:  19cv2158-L-AHG<br><br>**ORDER GRANTING MOTION TO REMAND** |

　　Pending before the Court in this unlawful detainer action is Plaintiff's motion to remand.  Defendant filed an opposition.  Plaintiff has not filed a reply.  The Court decides the matter on the papers submitted and without oral argument.  *See* Civ. L. R. 7.1(d)(1).  For the reasons stated below, Plaintiff's motion is granted.

　　Defendant removed this unlawful detainer action from State court under 28 U.S.C. §§ 1331, 1443(1) and 1441.  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting

/ / / / /

jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).[1] Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing removal jurisdiction is on the removing party. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-85 (9th Cir. 2006).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . .." 28 U.S.C. § 1441(a). Defendant bases removal on federal question jurisdiction under 28 U.S.C. §1331, which confers "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and on 28 U.S.C. § 1443(1), which allows for removal when a defendant in State court "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

Defendant argues removal is proper because the unlawful detainer lacks merit as Plaintiff allegedly has not properly acquired title and therefore has no legal basis for evicting Defendant. (Doc. no. 1 ("Notice of Removal") at 4-5 ("Defendant disputes that Plaintiff has duly perfected title;" "Defendant . . . illegally foreclosed on the subject property") ; doc. no. 6 ("Opp'n to Mot. to Remand") at 1 ("claim is based on fraudulent title records").) Alternatively, Defendant claims that his due process rights were violated because "Plaintiff and Plaintiff's attorney are not proceeding in the manner required by the [California] Code of Civil Procedure" and "used knowledge of the law by attempting to prevent Defendant from fully and accurately representing their [*sic*] case." (Notice of Removal at 2-3.)

/ / / / /

---

[1] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from all quotations.

Removal is proper when a federal question appears on the face of a well-pleaded complaint:

> [T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. A defense is not part of a plaintiff's properly pleaded statement of his or her claim. Thus, a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

*Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998); *see also Takeda v. NW Nat. Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985) (removability cannot be created by defendant pleading a counter-claim presenting a federal question). Here, removal is based on procedural and substantive arguments Defendant can raise in State court. No federal question appears on the face of the unlawful detainer complaint. Furthermore, Defendant has not shown the State court is not able to protect his constitutional right to due process.

Accordingly, Defendant has not met his burden as the removing party to establish removal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This action is **REMANDED** to the Superior Court for the State of California, County of San Diego.

**IT IS SO ORDERED.**

Dated: September 1, 2020

_____
Hon. M. James Lorenz
United States District Judge